## W. H. STEWART, ET AL., V. H. & T. C. R. R. CO.

### IN SUPREME COURT, TYLER TERM, 1884.

*Assignment—Damages*—An unliquidated claim for damages such as would survive to the executor, may be the subject of sale and assignment.

*Same*—A claim for personal injuries dies with the party injured and is not assignable.

*Champerty—Contingent Fee*—In this state an attorney at law may contract for a contingent interest in the subject matter of the litigation, by way of compensation for professional services, when it is done in good faith.

*Recission of Contract—Tender*—A contract adjusting a pending suit, fully executed by payment of the amount agreed upon, will not be set aside on the ground of fraud and deceit, unless the money so received is tendered.

Appeal from Grayson County.

Two questions are presented for consideration and determination by this record. The court sustained a demurrer to the plea of intervention filed by Randall & Randall and Woods & Wilkins, in which they claim that they had been employed by appellant Stewart to prosecute this suit against appellee, and as compensation for their professional services in that behalf they were to have one third of the amount recovered. That this agreement was well known to appellee, who, with the intent to defraud them, without their knowledge or consent, entered into and made the agreement with appellant Stewart, compromising and settling the case. Claiming that Stewart was insolvent and that they had not received any part of the money paid to him by appellee, and therein sought to prosecute the case to judgment and prayed for a recovery in their own behalf to the extent of one third the amount of damage accruing to Stewart from the injury. The grounds of the demurrer were, 1, that no cause of action was asserted by the plea of intervention; 2, that the asserted contract between the intervenors and Stewart was champertous and void.

In G., H. & S. A. R'y Co. v. Freeman, 57 Texas 156, the question of the assignability of an unliquidated claim for damages was very thoroughly considered, and it was there held that if the claim was such as would survive to the executor, that it would be the subject of sale and assignment, but if it was such a claim as would not

survive to the executor, then it would not be the subject of assignment.

If the injury in this case had resulted in death of Stewart, it is quite clear that the claim for damages asserted in the petition would not have survived. True, our constitution and statutes give a right of action to certain relatives for the loss to them occasioned by the party's death, but the claim for personal injuries as asserted in the petition would have died with the party. As the claim was not assignable, it could not be made available as a security, by an assignment of an interest therein, or otherwise. Hence it results that the demurrer was correctly sustained upon the ground that no right of action was shown to exist in behalf of the intervenors.

Upon the other question raised by the demurrer, it is sufficient to remark that the right of attorneys at law to contract for a contingent interest in the subject matter of the litigation by way of compensation for professional services, when it is done in good faith, has at all times been recognized in this state. The English statutes upon that subject, it has been said, were never in force in this state. Bentrick v. Franklin, 38 Texas 458. Barratry as defined in our code was intended to prevent officious intermeddling with suits, or to promote litigation, with the intent to distress or harrass the other party. As said by the supreme court of Illinois in Newkirk v. Cone, 17 Ill. 499, "We are aware of no law or public policy in this state which would deprive a person, claiming a right, from contracting to pay for legal services, in vindicating it, a stipulated portion of the thing or the value of the thing when recovered, dependent solely upon such recovery, instead of paying or contracting to pay, absolutely, a certain sum."

While it is the policy of the courts to discourage groundless and vexatious litigation, the constitution declares that "All courts shall be open, and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law."

The policy that dictated the English statute had for its object the protection of the poor against the wealthy and influential, when their rights formed the subject of litigation before the courts. Here the conditions of society in a great measure are very different; to enable the poor in many cases to secure an adjudication upon disputed rights, it is necessary that the right of the attorney to con-

tract for a contingent interest in the subject matter of the litigation by way of compensation for professional service, should be recognized.

In reply to the supplemental answer of appellee setting up the written contract with appellant Stewart, whereby his suit was settled and the claim for damages paid, Stewart admitted that he had received $1,600 from appellee in satisfaction of the claim for damages asserted by the petition, but also claimed that the settlement had been obtained by the fraud and deceit of Shirley, the agent of appellee's; that Shirley induced him to drink to intoxication, and while in that condition induced him by various promises, deceits, etc. to make the settlement and sign the contract. Also that he had retained and used the money paid to him by Shirley, was now insolvent and unable to tender back the money; prayed that the purported adjustment and contract be vacated, and he be permitted to prosecute this suit to judgment, allowing a credit upon the judgment recovered of the amount received by him.

The adjustment was had and the contract signed by Stewart on September 16, 1882, and it was set up and asserted in appellee's amended answer filed in this suit Nov.? 3. 1882. The first objection by Stewart to that adjustment seems to have been Sept. 28, 1883, when he filed his first supplemental petition.

As presented by the record it is not necessary to determine whether the condition of intoxication asserted by Stewart together with the alleged deceits practiced upon him by Shirley, were such as would authorize the court in granting the relief sought, if properly presented, because he alleges that he received the $1600 as an adjustment and had retained and used the money, and that he cannot restore the appellee to its former *status*. Having received the money, if he desired to repudiate the adjustment when he became sober, it was incumbent upon him to promptly inform appellee of that fact and to tender back the money received. But having failed to do this, he comes into court with soiled hands and no relief can be obtained. "As he has bound himself, so must he be bound."

The judgment is affirmed. Watts, J.